UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

| TERELLE D. HOBBS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:19CV43 ACL |
| CAPE GIRARDEAU COUNTY JAIL, et al., | ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Terelle D. Hobbs, a prisoner incarcerated at Cape Girardeau County Jail, for leave to commence this action without prepayment of the filing fee. Having reviewed plaintiff's financial information, the Court will assess an initial partial filing fee of $1.00. In addition, the Court will allow plaintiff the opportunity to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds

1

$10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15

(8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff brings this action to redress violations of his civil rights, and names the Cape Girardeau County Jail as defendant. Plaintiff also brings this action against Unkown Pullum, and Offier at the Jail. Plaintiff alleges that on or about February 20, 2019, he became sick at the Jail, and he began to get very short of breath. He states that he began "wheezing, losing sleep, and having trouble breathing." Plaintiff does not state who he told of his medical problems at the Jail, nor does plaintiff state when he exactly he began to get ill or what treatment he received or from whom. Plaintiff does state that at one point he was told by Officer Pullum that he would have to wait to see a doctor, but he does not make it clear the relief he asked Officer Pullum for. Plaintiff instead states that at some point he was taken to St. Francois hospital and eventually had to be placed on a "respiratory system" because he "wasn't breathing on [his] own." Plaintiff has not stated the capacity he is bringing his lawsuit against Officer Pullum in.

The complaint is legally frivolous as to Cape Girardeau County Jail because the Jail is not an entity that is subject to a suit. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). In addition, the complaint is defective because it was not drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A).

Moreover, plaintiff's allegations against Officer Pullum currently fail to state a claim upon which relief may be granted. Plaintiff did not specify whether he is suing Officer Pullum, the only individual named in the lawsuit, in his official or individual capacity.Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court

must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official – Cape Girardeau County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that Cape Girardeau County or Cape Girardeau County Jail was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to Officer Pullum at the present time.

Even if plaintiff had brought his lawsuit against Officer Pullum in his individual capacity, his allegations would have still failed to state a claim upon which relief could be granted. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In the instant action, plaintiff has not set forth enough facts indicating exactly what he asked from Officer Pullum and how Officer Pullum show a deliberate indifference to his serious medical needs at the time of the purported incident.[1] As a result, the complaint fails to state a claim upon which relief can be granted.

---

[1]To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that

---

giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Last, the Court will deny plaintiff's request for counsel at this time. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1)

his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED WITHOUT PREJUDICE**.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 15th day of March, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE